AO 106 (Rev. 04/10) Application for a Search Warrant    AUTHORIZED AND APPROVED/DATE: _____ 10/7/2024

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )    Case No. M-24- 755 -SM
A DARK SAMSUNG CELLULAR PHONE, IMEI NUMBER )
354730481981250, CURRENTLY LOCATED AT HSI OKLAHOMA CITY, )
3625 NW 56TH STREET, OKLAHOMA CITY, OKLAHOMA )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A

Located in the Western District of Oklahoma, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession with Intent to Distribute and to Distribute Controlled Substances |
| 21 U.S.C. § 846 | Drug Conspiracy |

The application is based on these facts:
See attached Affidavit of HSI Special Agent Joshua Dickson

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days:(_____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Joshua Dickson, Special Agent, HSI
*Printed name and title*

Sworn to before me and signed in my presence.
Date: 10/8/24

_____
Judge's signature

City and state: Oklahoma City, Oklahoma    Suzanne Mitchell, United States Magistrate Judge
*Printed name and title*

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| IN THE MATTER OF THE SEARCH OF A DARK SAMSUNG CELLULAR PHONE, IMEI NUMBER 354730481981250, CURRENTLY LOCATED AT HSI OKLAHOMA CITY, 3625 NW 56TH STREET, OKLAHOMA CITY, OKLAHOMA | Case No. __M-24-755-SM__ |

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

I, Joshua Dickson, a Special Agent (SA) with Homeland Security Investigations (HSI) being duly sworn, depose and state as follows:

1. I have been a SA with HSI since May 2022. I am currently assigned to the HSI Oklahoma City Office, where I have been involved in a wide variety of investigative matters, including investigations targeting drug trafficking organizations (DTO), most of which involved the unlawful distribution of narcotics in violation of Title 21, United States Code, Sections 841(a)(1) and 846.

2. During my employment in law enforcement, I have received training and conducted investigations related to illicit drugs and the distribution of illicit drugs in violation of Title 21, United States Code, Sections 841(a)(1), 846, and others. As part of my investigative experience as a special agent, I have executed search and arrest warrants, conducted physical surveillance, coordinated controlled purchases with confidential sources, analyzed records documenting the purchase and sale of illegal drugs, and spoken with informants and subjects, as well as other local and federal law enforcement officers, regarding the manner in which drug distributors obtain, finance, store, manufacture,

transport, and distribute their illegal drugs. Through my training and experience, I have become familiar with the methods and operation of drug distributors, including their common organizational structures, use of violence, methods of distributing, storing, and transporting drugs, and methods of collecting and laundering drug proceeds.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. I am submitting this Affidavit in support of a search warrant authorizing a search of a **dark Samsung cellular phone, IMEI number 354730481981250** (hereinafter **SUBJECT PHONE**), as further described in **Attachment A**, which is incorporated into this Affidavit by reference. HSI Oklahoma City has custody of the **SUBJECT PHONE** Oklahoma City, Oklahoma. I am submitting this Affidavit in support of a search warrant, which would authorize the forensic examination of the **SUBJECT PHONE** for the purpose of identifying electronically-stored data that is particularly described in **Attachment B**, which constitute instrumentalities, evidence, and fruits of violations of 21 U.S.C. §§ 841(a)(1) and 846. The requested warrant would also authorize the seizure of the items and information specified in **Attachment B**.

5. Based on my training, experience, and the facts set forth in this Affidavit, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) and 846 have been committed by Kurt BROWN and others. There is also probable cause to search the

property described in **Attachment A** for instrumentalities, evidence, and fruits of these crimes, as described in **Attachment B**.

6. Because this Affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me regarding this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to support the issuance of a search warrant. The information contained in this Affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and review of documents and records.

## FACTS AND CIRCUMSTANCES

7. On September 16, 2024, the Oklahoma Highway Patrol (OHP) encountered a Chevrolet Suburban bearing Oregon license plate PWQ-3327 towing a BMW X6 on a U-Haul car trailer at approximately 2300 hours. An OHP trooper observed the vehicle combination traveling on the highway with an unsecured tie down for the vehicle on the trailer and initiated a traffic stop for the violation. The traffic stop occurred on Interstate 40 in Pottawatomie County, located in the Western District of Oklahoma.

8. The OHP trooper identified the driver of the Suburban as BROWN. The OHP trooper further discovered that the Suburban was a rental vehicle, which had been rented in the name of a third party who was not present. Likewise, the BMW on the trailer belonged to a third party as well. Prior to the search of the vehicles, BROWN made a statement to the OHP trooper that he was the one who personally loaded the BMW on to the trailer and that he used to be a tow truck driver.

9. During the traffic stop, the OHP trooper deployed his narcotics-trained K9 partner, who conducted a free-air sniff of the vehicle. The K9 positively alerted to the BMW, which was being towed on the U-Haul trailer. In the subsequent search, the OHP trooper discovered a cardboard box labeled for a vacuum. Inside the box were multiple packages of a white crystalline substance in vacuum-sealed packaging.

10. HSI Oklahoma City SAs responded to the incident and took possession of the suspected controlled substances. HSI Oklahoma City weighed, and field tested the substances. In total, law enforcement discovered 8 packages weighing approximately 9.64 kilograms of cocaine and 40 packages weighing approximately 41.86 kilograms of methamphetamine.

11. BROWN was detained, and law enforcement conducted a post-*Miranda* interview with BROWN. During the interview, BROWN stated that a female, "Terri," secured the rental for the Suburban and the U-Haul trailer. BROWN stated that he was in contact with Terri by using the **SUBJECT PHONE**. Specifically, BROWN stated that he made phone calls and communicated through the WhatsApp application. BROWN showed agents WhatsApp messages, in which agents observed messages between BROWN and Terri demonstrating communication and coordination between the two during the trip. These messages included (i) messages related to Terri picking BROWN up from the airport in Los Angeles; (ii) messages related to the rental car information while BROWN was on the traffic stop; and (iii) BROWN sending a message to Terri during the traffic stop stating, "they're checking the car, I hope I can go home, this is going to kill my mom."

12. Based on my training and experience, I know that individuals who operate as couriers for a drug trafficking organization will keep in frequent contact with certain members of the organization, to include, sharing their location and providing updates of their travel. This type of communication is a method for the organization to track the illicit merchandise and/or proceeds from source to destination.

13. Following the interview, a controlled delivery was attempted in Georgia, BROWN's destination, but was not successful. The **SUBJECT PHONE** was seized by law enforcement and remains in the custody of HSI Oklahoma City.

14. Based upon my training and experience, I am aware that individuals involved in trafficking illegal drugs often use cell phones to maintain contact with other co-conspirators, including suppliers, transporters, distributors, and purchasers of illegal narcotics. Such cell phones and their associated memory cards commonly contain electronically stored information which constitutes evidence, fruits, and instrumentalities of drug trafficking offenses including, but not limited to, the phone directory and/or contacts list, calendar, text messages, e-mail messages, call logs, photographs, and videos.

15. Based on my training and experience, I know that individuals involved in trafficking illegal drugs often take and store photographs of controlled substances and the proceeds of drug sales, and usually take and store these photographs using their cell phones.

16. Based on my training and experience, I am familiar with ways individuals involved with drug trafficking often utilize multiple cell phones for a variety of reasons related to drug distribution. A few of the reasons include keeping sources of supply and customers separate and preventing law enforcement from identifying the cellular device

being used. In my training and experience, it is common for drug traffickers to use multiple phones and phone numbers to orchestrate the distribution of illicit substances.

17. Based on my training and experience, I know that electronic devices like the **SUBJECT PHONE** can store information for long periods of time. Similarly, things that have been viewed via the Internet are typically stored for some period of time on the electronic device. This information can sometimes be recovered with forensic tools. This is true even if the user of the electronic device deleted the file. This is so because when a person "deletes" a file on a computer or electronic device, the data contained in the file does not actually disappear; rather, the data remains on the storage medium until it is overwritten by new data.

18. Based on the above information, there is probable cause to believe that violations of 21 U.S.C. §§ 841(a)(1) and 846 have occurred, and that evidence, fruits, and instrumentalities of these offenses are located on the **SUBJECT PHONE**. Therefore, I respectfully request that this Court issue a search warrant for the **SUBJECT PHONE**, described in **Attachment A**, authorizing the seizure of the items described in **Attachment B**.

19. Based on the foregoing, and consistent with Rule 41(e)(2)(B), the warrant I am applying for would permit the examination of the **SUBJECT PHONE** consistent with the warrant. The examination may require law enforcement to employ techniques, including but not limited to computer-assisted scans of the entire medium, which might expose many parts of the **SUBJECT PHONE** to human inspection in order to determine whether it is evidence described by the warrant.

20. Because the warrant seeks only permission to examine devices already in law enforcement's possession, the execution of this warrant does not involve the physical intrusion onto a premises. Consequently, I submit there is reasonable cause for the Court to authorize execution of the warrant at any time in the day or night.

_____
JOSHUA DICKSON
Special Agent
Homeland Security Investigations

SUBSCRIBED AND SWORN to before me this \_\_\_ day of October, 2024.

_____
SUZANNE MITCHELL
United States Magistrate Judge

## ATTACHMENT A

The property to be searched is a dark Samsung cellphone, IMEI: 354730481981250, hereinafter the "Subject Phone." The Subject Phone is currently located at in the evidence vault at HSI Oklahoma City, 3625 NW 56th Street, Oklahoma City, Oklahoma. A photo of the Subject Phone is below:



## ATTACHMENT B

The following materials, which constitute evidence of the commission of a criminal offense, contraband, the fruits of the crime, or property designed or intended for use or which is or has been used as the means of committing a criminal offense, namely a violation of Title 21, United States Code, Section 841(a)(1) and Title 21, United States Code, Section 846:

1. All records on the Subject Phone described in Attachment A that relate to violations of 21 U.S.C. §§ 841(a)(1) and 846 involving Kurt BROWN and others from July 1, 2024, to the present, including:

    a. lists of customers and related identifying information;

    b. lists of co-conspirators and related identifying information;

    c. records of communications with customers or co-conspirators, whether such communication be a telephone call, text message (e.g., SMS or MMS), instant message, or communication through an application stored on the phone;

    d. records detailing the types, amounts, or prices of drugs trafficked, as well as dates, places, and amounts of specific transactions;

    e. any information related to the sources of drugs, including names, addresses, phone numbers, or any other identifying information);

    f.    any audio recordings, pictures, video recordings, or still-captured images on the Subject Phone related to the purchase, sale, transportation, or distribution of controlled substances or the collection, transfer or laundering of drug proceeds;

    g.    all bank records, checks, credit card bills, account information, and other financial records; and

    h.    any location data related to the acquisition or distribution of controlled substances.

2.    Evidence of user attribution showing who used or owned the Subject Phone described in Attachment A at the time the things described in this warrant were created, edited, or deleted, including:

    a.    logs, phonebooks, saved usernames and passwords, documents, and browsing history;

    b.    text messages, multimedia messages, email, email messages, chats, instant messaging logs, and other correspondence;

    c.    photographs;

    d.    records of Internet Protocol addresses used; and

      e.    records of Internet activity, including firewall logs, caches, browser history and cookies, "bookmarked" or "favorite" web pages, search terms that the user entered into any Internet search engine, and records of user-typed web addresses.

3. Contextual information necessary to understand the evidence described in this attachment.

As used above, the terms "records" and "information" include all of the foregoing items of evidence in whatever form and by whatever means they may have been created or stored, including any form of computer or electronic storage (such as flash memory or other media that can store data) and any photographic form.